### Stewart *v.* Johnston, receiver.

An order of court, passed at the instance of one of the parties to a case in which a receiver has been appointed, requiring the receiver to give a new bond in the same amount and conditioned as his existing bond, will not operate after the new bond has been given to discharge the surety on the old bond from liability for future defaults of the receiver, but he will continue liable for defaults, past and future, as though no additional bond had been required or given; there being nothing in the order or in the attendant circumstances to indicate that the second bond was intended as a substitute for, rather than as supplemental to, the first. March 30, 1891.

Bonds. Receivers. Practice. Before Judge Marshall J. Clarke. Fulton superior court. September term, 1890.

Reported in the decision.

H. L. Culberson and T. P. Westmoreland, for plaintiff in error.

.Broyles & Sons, *contra*.

Bleckley, Chief Justice.

In a suit between A and B as partners, C was ap-

v 87-7

pointed a receiver of the partnership assets. D was the surety upon his bond. This was the first bond given by the receiver, and bore date November 20th, 1884. Afterwards, upon motion of B, the court required the receiver to give a new bond, the order being in these terms: "It is further ordered that the receiver do give a new bond in the same amount and conditioned as the former one, said new bond to be filed in the clerk's office by 12 o'clock May 8th, 1886." A bond was filed purporting to be executed by the receiver as principal and E as surety, and the clerk approved the same. This bond bore date May 12th, 1886. Afterwards the receiver left the State, and F was appointed receiver in his stead. An action in the nature of a bill in equity was brought by F, the second receiver, upon both of his predecessor's bonds. In defence to this action, D, the surety on the first bond, contended that the order requiring the new bond and the clerk's approval of that bond relieved him from all liability except for any waste or misconduct of his principal which occurred previously to the filing of the second bond. The court ruled that the first bond covered the whole default of the receiver, whether occurring before or after the second was given.

There was no application or request by the surety to be discharged, when or before the second bond was required; and even if there had been, the general rule is, that the court will not grant such a request coming from a surety upon a receiver's bond unless for special cause shown. 2 Daniell's Ch. Pl. & Pr. *1766; Kerr on Rec. 251; High on Rec. §127. The order for a new bond contained no reference to any purpose on the part of the court to discharge the surety on the first bond, or to terminate his liability, or to limit it in any way whatever. There are no words indicating that the new bond was to be substituted for the old, or that it was to stand

instead thereof. The second bond was required, not at the instance of the surety on the first, but at the instance of one of the parties to the pending cause. So far as appears, it was intended as a mere strengthening of the security afforded by the first bond. It was cumulative or additional, rather than substitutional. Both upon principle and the authority of analogous cases, we think no discharge took place. 2 Am. & Eng. Enc. Law, 466j; Murfree on Off. Bonds, §221; Brandt on Suretyship, §461. In the absence of affirmative evidence to that effect, there can be no presumption that the parties to the litigation or their interests would be benefited by discharging the surety on an existing bond merely because a new bond was required and given. And that the application for a new bond was made by one of the parties, carries with it no implication that he or the court desired the old bond not to be fully operative after the new should be given the same as before.

Having decided that, by the terms of the order requiring the new bond, the latter was to be cumulative security only, it is unnecessary to consider what effect forgery of the surety's name upon the new bond would have had if the terms of the order had been different. Nor is it material to notice that the order was not in fact complied with in respect to the time within which the new bond was to be filed. It would be difficult to hold that the clerk had any authority to accept it after the time for filing appointed by the order had expired, if the effect of acceptance would be to arrest the continuous operation of the prior bond.

*Judgment affirmed.*